GEORGE S. TREVOR (Bar No. 127875)
LAW OFFICES OF GEORGE S. TREVOR
300 Tamal Plaza, Suite 180
Corte Madera, CA 94925
Telephone: (415) 924-7147
Facsimile: (415) 924-7159

Attorneys for Plaintiff
AJAY SINGHAL

ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
BALDWIN J. LEE (BAR NO. 187413)
JENNIE L. LEE (BAR NO. 191350)
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516
E-Mail: blee@allenmatkins.com
        jlee@allenmatkins.com

STOEL RIVES LLP
CHRIS KITCHEL (*Pro Hac Vice*)
MATT PHILLIPS (*Pro Hac Vice*)
KURT BARKER (*Pro Hac Vice*)
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Phone: (503) 224-3380
Fax: (503) 220-2480
E-Mail: ckitchel@stoel.com
        mcphillips@stoel.com
        kebarker@stoel.com

Attorneys for Defendant
MENTOR GRAPHICS CORPORATION

FILED

NOV 28 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. AJAY SINGHAL,<br><br>    Plaintiff,<br><br>    vs.<br><br>MENTOR GRAPHICS CORPORATION,<br><br>    Defendant. | Case No. C07-01587-JL<br><br>STIPULATION AND [~~PROPOSED~~]<br>PROTECTIVE ORDER |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

0

Case No. C07-01587-JL
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. The parties stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Trial Counsel (including other attorneys, employees and staff within their firms).

2.2   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5   <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1

Case No. C07-01587-JL
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

2.6     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.8     Trial Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Trial Counsel and House Counsel.

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.  SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted from any Protected Material, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

4.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order directs otherwise.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

2

Case No. C07-01587-JL
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

5. **DESIGNATING PROTECTED MATERIAL**

    5.1 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order (see, e.g., paragraph 5.2, below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

    (a) <u>for information in documentary form</u>, that the Producing Party affix the legend "CONFIDENTIAL" or a substantially similar legend on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party identifies the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or similar legend) on each page that contains Protected Material.

    (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, the Party or non-party may identify on the record, at the time testimony is given, the portions that are Protected Material.

Transcript pages designated on the record as containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony. Nothing about this method of designating materials as "CONFIDENTIAL" prevents a party from marking a portion of any transcript pursuant to subparagraph 5.1 (a) above, or from otherwise attempting to bring a portion of any transcript under the protection of this Order.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

3

Case No. C07-01587-JL
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

        (c)    <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

        (d)    <u>for information produced in electronic form</u>, the Receiving Party will treat all electronically produced information as "CONFIDENTIAL" unless specifically, expressly marked or designated otherwise in writing by the Producing Party.

    5.2    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material appropriately is designated as "Confidential" after the material initially is produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order. The Receiving Party, however, is not responsible for harm, if any, caused by the dissemination of the material before it is marked as Protected Material.

    5.3    <u>The inadvertent production of any privileged material</u>, material subject to protection by the attorney work product doctrine or otherwise Protected Material shall not be deemed a waiver or impairment of any claim of confidentiality, privilege or protection, including, but not limited to, the attorney client privilege and the protection afforded to work product materials, or the subject matter of those materials. Upon discovering or receiving notice from a Party that any such material has been inadvertently produced, the Receiving Party shall make a good faith effort to return all such material to the Producing Party, provided that, if the recipient of inadvertently produced material disputes that such material is privileged, the recipient shall be entitled to retain the material only for purposes of presenting the discovery dispute to the Court.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4

Case No. C07-01587-JL
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS AND SECTION 8 OBJECTIONS

    6.1 Timing of Challenges. A Party waives its right to challenge a confidentiality designation by electing not to mount a challenge within 60 days after the designation is made.

    6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with Trial Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation is not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation or objection to providing the information to the U.S.P.T.O. after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

5

Case No. C07-01587-JL
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

prosecuting, defending, or attempting to settle this litigation and as required by statute or administrative rule. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Counsel, as well as other attorneys, staff and employees within their firms;

(b)     the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, videographers, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

6

Case No. C07-01587-JL
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

   (g) the author or recipient of the document or the original source of the information to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

  7.5 <u>Disclosure of Protected Material to Witnesses Before Trial</u>.  Protected Material designated on any Party's exhibit list filed with the Court for use at trial may be disclosed to any person on any Party's witness list when the witness reasonably needs to review that exhibit to prepare for his or her testimony at trial.

   (a) Before providing such person access to Protected Material pursuant to this paragraph, the person shall sign the "Agreement to Be Bound by Protective Order" (Exhibit A).

   (b) A Party desiring to prevent any person on a witness list from having access to Protected Material pursuant to this paragraph may move the Court for additional protections and must do so within seven (7) days of the filing of the exhibit list and witness list, whichever occurs later.  A new period begins as to any witness or exhibit later added.

   (c) No witness shall be provided access to Protected Material pursuant to this paragraph until the end of the seven (7) day period or, where an objection is filed as to that witness, until the Court's determination on any motion filed.

   (d) Any Protected Material that is not admitted into evidence shall remain confidential pursuant to the terms of this Stipulated Protective Order.

  8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR REQUIRED TO BE PRODUCED IN ACCORDANCE WITH RULES OR REQUIREMENTS OF THE U.S. PATENT AND TRADEMARK OFFICE</u>

  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the

LAW OFFICES
Jlen Matkins Leck Gamble
Mallory & Natsis LLP

7

Case No. C07-01587-JL
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

1  subpoena or order to issue in the other litigation that some or all the material covered by the
2  subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving
3  Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other
4  action that caused the subpoena or order to issue, and, if requested by the Designating Party, must
5  file appropriate objections to preserve the confidentiality of the materials subject to the subpoena.

6        The purpose of imposing these duties is to alert the interested parties to the existence of
7  this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to
8  try to protect its confidentiality interests in the court from which the subpoena or order issued or
9  the Court where the present case is pending. The Designating Party shall bear the burdens and the
10 expenses of seeking protection for its confidential material - and nothing in these provisions
11 should be construed as authorizing or encouraging a Receiving Party in this action to disobey a
12 lawful order from another court.

13       If a Receiving Party is subject to the requirements of MPEP 2001.06(c) and compliance
14 therewith compels the Receiving Party to disclose Protected Material to the U.S. Patent and
15 Trademark Office, the Receiving Party must notify the Designating Party of its intent to file the
16 Protected Materials to the U.S. Patent and Trademark Office and provide the Disclosing Party 15
17 days to object. If the Designating Party does not object in writing within 15 days, the Receiving
18 Party may file the Protected Material with the U.S. Patent and Trademark Office under the
19 procedures of MPEP 2001.06(c). Objections by the Designating Party may be resolved judicially
20 under Section 6 herein.

21     9.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

22       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
23 Material to any person or in any circumstance not authorized under this Stipulated Protective
24 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
25 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)
26 inform the person or persons to whom unauthorized disclosures were made of all the terms of this
27 Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to
28 Be Bound" that is attached hereto as Exhibit A.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

8

Case No. C07-01587-JL
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

10. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. All Protected Material maintained in a storage device such as a hard drive, static RAM, etc. shall be deleted; no Receiving Party shall make any attempt to retrieve material so deleted. Whether the Protected Material is returned, deleted, or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

12. **VIOLATIONS OF THIS ORDER**

In the event that any Party violates or threatens to violate the terms of this Stipulated Protective Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved

LAW OFFICES
.llen Matkins Leck Gamble
Mallory & Natsis LLP

9

Case No. C07-01587-JL
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

Party does so, the respondent may not employ as a defense thereto any claim that the aggrieved Party possesses an adequate remedy at law. The Parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court shall retain jurisdiction over this Order and any Receiving, Producing and/or Designating Party for purposes of enforcing this Order.

13. **MISCELLANEOUS**

13.1 <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 28, 2007

LAW OFFICES OF GEORGE S. TREVOR

By: _____
George S. Trevor
Attorney for Plaintiff
AJAY SINGHAL

Dated: November 28, 2007

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP

By: _____
Baldwin J. Lee
Attorneys for Defendant
MENTOR GRAPHICS CORPORATION

Dated: November 28, 2007

STOEL RIVES LLP

By: _____
Kurt Barker (*Pro Hac Vice*)
Attorneys for Defendant
MENTOR GRAPHICS CORPORATION

SO ORDERED
_____
JAMES LARSON
U.S. CHIEF MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

Case No. C07-01587-JL
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER