UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dr. Ajay Singhal, | No. C 07-1587 JL |
| Plaintiff, | **DISCOVERY ORDER** **(Denying without prejudice Docket # 65 and granting Docket # 70)** |
| v. | |
| Mentor Graphics Corporation, et al., | |
| Defendants. _____/ | |

**Introduction**

Plaintiff asks the Court to permit him to substitute himself pro se for counsel (Docket # 65), and Defendant asks for an order compelling Plaintiff to answer Interrogatories 1 and 2 (Docket # 70) and to appear for deposition as scheduled on January 29. Defendant also raised concerns about its confidential information and property in Singhal's possession. The matters came on for hearing. George Trevor appeared for Plaintiff, who was also present in court. Chris Kitchel, STOEL RIVES, Portland, Oregon, appeared for defendant Mentor Graphics.

The Court considered the moving and opposing papers and the arguments of counsel and the representations by Plaintiff and hereby issues its order.

Plaintiff's motion to substitute pro se for counsel is denied without prejudice. Mr. Trevor shall remain until Plaintiff retains new counsel. Defendant's motion to compel

answers to Interrogatories 1 and 2 is granted. Plaintiff shall respond in full by January 25, 2008, or no later than noon on January 28. Plaintiff shall appear for his deposition as noticed on January 29, or the Court will impose sanctions.

The Court bases this ruling on its findings that Singhal is not capable of adequately representing himself in this complex patent case. His proceeding pro se would also unfairly prejudice Defendant Mentor Graphics, causing delays and costing it money as its patent applications languish awaiting resolution of this case. Singhal should also authorize his counsel to deal with the issue of Mentor's confidential information and property which is in his possession.

Plaintiff must answer Defendant's Interrogatories No. 1 and 2, because only Singhal has this information, which is crucial to discerning what if any are his interests in the patents at issue. Singhal for the same reason must be prepared to appear for his deposition on January 29.

## Background

Plaintiff Dr. Ajay Singhal has a PhD. In Engineering and experience in the semiconductor device, fabrication and manufacturing industry. He worked for Mentor Graphics on Design For Manufacturing ("DFM") technology for the lithography industry. He sues for wrongful termination, breach of contract, negligent and intentional misrepresentation, and for correction of inventorship on a number of Mentor Graphics patents. He claims he was fired because of his race and national origin. He also claims he was fired to avoid giving him due credit for inventing the four patents at issue. Defendant's motion to amend its Answer is on calendar for February 28, 2008.

## Meet and Confer

Mentor's counsel attempted to meet and confer with Singhal's counsel, who then informed them that his client had withdrawn authorization to speak on his behalf and he could no longer represent Dr. Singhal in this case.

## Motion to Substitute pro se

Mentor adamantly opposes Singhal's request to substitute himself pro se for his counsel. He is asserting ownership and inventorship rights in four pending patents - issues that are factually and legally complex even for experienced litigators and patent attorneys. Singhal's claims place a cloud over Mentor Graphics' patent applications, so it must resolve the ownership and inventorship issues in this Court before proceeding with the patent application process. Delay causes significant damage and prejudice to Mentor Graphics, and to Singhal himself, by his attempting to engage in complex litigation without the benefit of legal counsel.

Singhal's complaint asserted five causes of action. Judge White, the original trial judge, dismissed two of them before the parties consented to reassignment to this Court. One of the three is for correction of inventorship on four patent applications filed by Mentor Graphics: U.S. Patent Application Nos. 10/827,990, 10/951,710, 11/123,340, and 11/126,069. Each application lists one or more Mentor Graphics employees as an inventor, but not Singhal. Singhal alleges that the patent applications "used" or were "based upon" "the ideas developed by Plaintiff," but were filed by Mentor Graphics "without any attribution of Plaintiff's inventorship." (First Amd. Cmpl. ¶13, 15.) Mentor Graphics admits it did not name Singhal as an inventor on those patent applications but otherwise denies Singhal's allegations. (Answer to First Amd. Cmpl. ¶ 30-32.) In the meantime, the patent applications remain pending. In the highly dynamic and competitive technology industry, any delay in this process could injure Mentor irreparably.

Mentor contends that Singhal does not have the legal knowledge and expertise necessary to respond adequately to the complex factual and legal issues involved in resolving the parties' claims.

Singhal has a history of changing counsel. He was represented previously by three other attorneys, two for his patent claims, and one for his employment claim. (Westlind Decl. Exs, 1, 2, and 3). Singhal eventually discharged all of them and filed the complaint in this case pro se, before retaining Mr. Trevor, who filed the Amended Complaint.

The parties cannot even meet and confer over their discovery dispute because Singhal has withdrawn counsel's authority to speak for him. This is an example of the way Singhal's representing himself could stall and short-circuit this case.

Mentor asks the Court to also advise Singhal not to disseminate confidential information and property belonging to mentor Graphics that Singhal allegedly copied and retained in violation of his employee confidentiality agreement. (Westlind Decl;. ¶6, and Ex. 5.) Singhal's counsel was cooperating with Mentor to determine the scope of the information and property and arrange for its return, when Singhal suddenly withdrew his authorization for counsel to act on his behalf.

Singhal propounded his own discovery requests asking Mentor for highly confidential information. Mentor fears he will take matters into his own hands and use what he has improperly taken. There is a protective order, but Mentor fears Singhal does not comprehend its boundaries.

### Defendant's Interrogatories No. 1 and 2

Singhal asserts a claim requesting correction of inventorship of four pending patent applications filed by Mentor Graphics, yet he refuses to provide complete answers to two basic interrogatories requesting that he identify the factual basis for his claims. (Singhal's responses are attached at Tab A to Defendant's separate statement.) Mentor Graphics needs this information to prepare for Singhal's deposition on January 29, 2008.

**Interrogatory 1** asks Singhal to fully describe any patent applications filed that name him as an inventor. Singhal replied that he is a named inventor on six applications, but only identified three by number. However, only the three patents he identified by number appear in the database of the U.S. Patent and Trademark Office. Mentor Graphics needs Singhal's complete answer before Singhal's deposition to determine on what patent applications he is named as an inventor and how those might impact his claims in this case.

The Court orders Singhal to fully describe by number the additional three patent applications that he alleges name him as an inventor.

**Interrogatory No. 2** requests that Singhal identify each specific claim in the patent applications that he alleges gives him status as an inventor or co-inventor. Singhal gave a general response that the applications contained certain of his ideas - he did not identify any specific claims. Mentor needs claim-related responses. Mentor's defense is that patent inventorship is determined by reference to specific claims within the patent. "When a question of inventorship is presented the critical question is who conceived the subject matter of the *claims* at issue. To determine whether a person made a contribution to the conception of the subject matter of a claim, the court must determine what the person's contribution was and then whether that contribution's role appears in the *claimed* invention." *Frank's Casing Crew and Rental Tools, Inc. V. PMR Tech., Ltd.*, 292 F.3d 1363, 1373 (Fed. Cir. 2002) (Emphasis in original)

Having one's ideas in the specifications portion of a patent application (the portion before the claims) does not qualify one to be named as an inventor, unless those ideas are recited in at least one claim. *Trovan, Ltd. V. Sokymat S.A.*, 299 F.3d 1292, 1302 (Fed. Cir. 2002).

Mentor's four patent applications for which Singhal asserts inventorship or ownership collectively contain over 210 claims, each of which is factually complex in an area of sophisticated technology. The parties cannot litigate this case until Singhal identifies the particular claims at issue.

The Court orders Singhal to respond to Interrogatory 2 by specifying the claims to which his ideas contributed.

**Conclusion**

Plaintiff's motion to substitute pro se for counsel is denied without prejudice. Mr. Trevor shall remain until Plaintiff retains new counsel. Defendant's motion to compel answers to Interrogatories 1 and 2 is granted. Plaintiff shall respond in full by January 25, 2008, or no later than noon on January 28. Plaintiff shall appear for his deposition as noticed on January 29, or the Court will impose sanctions.

IT IS SO ORDERED.

DATED: January 24, 2008

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-1587\Order-65-70.wpd